IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-5-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DELLONTE RASHAUN SEBURN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a Cary Police Officer assigned to a task force of the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his grandmother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a one-count indictment on 3 January 2013 with robbery of a bank in Raleigh, North Carolina on 24 September 2012 in violation of 18 U.S.C. § 2113(a). The testimony of the government's witness showed that on 23 September 2012 defendant left Maryland and travelled to Raleigh. At the time, he was on federal supervised release after serving a sentence of 120 months for possession of a firearm by a convicted felon, and his travel

to North Carolina violated the terms of his release. On the morning of 24 September 2012, he took a taxi cab from his hotel to the bank, robbed the bank, and then had the taxi take him to a bus station. Defendant confessed to the robbery when apprehended.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the inherently violent nature of the offense charged; the circumstances of the offense charged, including most notably its commission while defendant was on federal supervised release; defendant's extensive criminal record; the danger of continued criminal conduct by defendant if released; defendant's apparent history of mental health and substance abuse problems; the unsuitability of the proposed third-party custodial arrangement due to the questionable suitability of the proposed custodian (*e.g.*, defendant has committed numerous offenses while living with her, her combative tone at times during cross-examination) and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 1st day of February 2013.

_____
James E. Gates
United States Magistrate Judge