IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-5-D
No. 5:15-CV-204-D

| | |
|---|---|
| DELLONTE RASHAUN SEBURN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 11, 2015, Dellonte Rashaun Seburn ("Seburn") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 132-month sentence [D.E. 90]. On September 21, 2015, the government moved to dismiss Seburn's section 2255 motion [D.E. 95] and filed a memorandum in support [D.E. 96]. On November 6, 2015, Seburn moved to dismiss the government's motion to dismiss [D.E. 98]. On November 13, 2015, Seburn responded in opposition to the government's motion to dismiss [D.E. 99]. As explained below, the court grants the government's motion to dismiss, dismisses Seburn's section 2255 motion, and denies Seburn's motion to dismiss.

I.

On October 28, 2013, pursuant to a written plea agreement [D.E. 61], Seburn pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). See Rule 11 Tr. [D.E. 79] 2–28. On January 28, 2014, at Seburn's sentencing hearing, the court calculated Seburn's advisory guideline range as 57 to 71 months' imprisonment. See id. 20. The court then upwardly departed under U.S.S.G. § 4A1.3 to an offense level of 26 and a criminal history category VI, yielding an advisory guideline range of 120 to 150 months' imprisonment. See id. 20–25. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Seburn's allocution, the court sentenced

Seburn to 132 months' imprisonment. See id. 32–36.

Seburn appealed. On December 1, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the judgment and sentence. See United States v. Seburn, 583 F. App'x 228, 229–30 (4th Cir. 2014) (per curiam) (unpublished).

On May 11, 2015, Seburn filed his section 2255 motion. See [D.E. 90]. Seburn makes two claims: (1) his counsel was constitutionally ineffective because counsel failed to investigate the law and the facts concerning whether Seburn acted with force, violence, or intimidation during the bank robbery; and (2) his counsel was constitutionally ineffective at sentencing because counsel failed to investigate and present mitigating evidence. See [D.E. 90-1].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11

2

F.3d 223, 225 (1st Cir. 1993).

At his Rule 11 hearing, Seburn stated under oath that he had consulted with his counsel about the charges to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not impaired by any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 13, 16–18, 21. Seburn also swore that he understood the charge to which he was pleading guilty (including the intimidation element) and understood the maximum penalties provided for that charge. See id. 19, 25–26. Seburn also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 19–20. Seburn also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Seburn and the government. See id. 21–22. The court then read Seburn's appellate waiver aloud to him, and Seburn swore that he understood the rights he was giving up in the waiver. See id. 22. Seburn also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of 20 years' imprisonment. See id. 19–21, 23.

At the end of his Rule 11 hearing, Seburn pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 25–27. The court then accepted Seburn's guilty plea. See id. 27.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in

3

light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Seburn must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Seburn claims that his counsel was constitutionally ineffective because counsel failed to investigate the law and the facts concerning whether Seburn acted with force, violence, or intimidation during the bank robbery. During Seburn's Rule 11 proceeding, however, Seburn swore under oath that he had discussed his case with his lawyer, had read and discussed his entire plea agreement with his lawyer, and that he understood each term in his plea agreement. Rule 11 Tr. 16,

4

21–22; The plea agreement lists the elements of the offense. See Plea Agreement ¶ 3a.2. Moreover, in the plea agreement, Seburn admitted, inter alia, that he "took the money from the person and in the presence of another, and did so by force and violence, and by acting in an intimidating manner." Id. Seburn also swore that he understood the elements of his offense of conviction, and was in fact, guilty of the offense. See Rule 11 Tr. 19, 25–26. Seburn's sworn statements at his Rule 11 proceeding bind him and defeat his first claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Seburn's counsel did not render ineffective assistance. See United States v. Major, 297 F. App'x 246, 248–50 (4th Cir. 2008) (per curiam) (unpublished). Thus, Seburn's first claim fails.

Nest, Seburn claims that his lawyer failed to investigate and present mitigating evidence at sentencing. See [D.E. 90-1] 4–7. The record demonstrates, however, that Seburn's counsel presented mitigating evidence at sentencing. See Sentencing Tr. 8–13, 15–19, 25–28. Counsel's presentation falls comfortably within the wide range of professionally competent representation. See Strickland, 466 U.S. at 690; Bobby, 558 U.S. at 11–12; Morva v. Zook, No. 2016 WL 2587362, at *10 (4th Cir. 2016). Alternatively, the court's alternative variant sentence defeats any prejudice claim. See Sentencing Tr. 36–37; United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 162 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011).

After reviewing the claims presented in Seburn's motion, the court finds that reasonable jurists would not find the court's treatment of Seburn's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003);

5

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 95], DISMISSES Seburn's section 2255 motion [D.E. 90], DENIES Seburn's motion to dismiss [D.E. 98], and DENIES a certificate of appealability.

SO ORDERED. This 29 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge